Prisoner's Civil Rights Complaint

Case Number                          2-22, 2023

In the United States District Court For The
Eastern District of Texas, Texarkana Divison

Plaintiff- Bianca Shirlain Newman
           # 2392107
           Woodman Unit  1210 Coryell City Rd
           Gatesville, Texas, 76528


Defendant's # 1 - Kaufman County District Attorney
                  Erleigh Norville Wiley
                  Kaufman County Court house
                  100 West Mulberry
                  Kaufman Texas 75142

Defendant's # 2  Kaufman County Assistant
                 District Attorney
                 Marc Moffit
                 Kaufman County Courthouse
                 100 West Mulberry
                 Kaufman Texas 75142


page 1

Prisoners Civil Rights Complaint
Case number                                    2-22,2023

Defendant #3  -  86th District Court Judge
                    Casey Blair
                    Kaufman County Courthouse
                    100 West Mulberry
                    Kaufman Texas 75142

Change of Address: I am aware that it is my
    responsibility to inform the court of any
and all changes of unit, inmate number or
address. I understand failure to file Notice of
Change of Address could result in dismissal
pursuant to Rule 41 (b) Federal Rules of Civil
Procedure.

I. Previous Lawsuit
    A. No-I have not filed any other lawsuits
in any court state or federal.
    B. NA Ø
    # 1-7 not relvant to case

II Place of Confinement   Woodman Unit
              1210 Coryell City Rd  Gatesville TX 76528

III Exhaustion of Grievance Procedures
    Yes
                                              page 2

Prisoner's Civil Rights Complaint

2-22, 2023

IV- Parties to this Suit

    A. Plaintiff    Bianca Newman #0239 2107
      Woodman Unit 1210 Coryell City Road
      Gatesville Texas 76528

B. Defendant #1    District Attorney for Kaufman
      Erleigh Norville Wiley    County
      Kaufman County Courthouse
      100 West Mulberry Kaufman Texas 75142

My civil rights have been violated by this officer
of the court. I have been placed in Double Jepardy
by the District Attorney. I have been convicted of a
crime of which I am infact innocent of and that
which the evidence will show that I am innocent
of. This conviction has had seven mental and
physical harm to myself and my family. The
district attorney did not consider all the evidence
involved with my crime and only looked for an
easy conviction in reguards to my sentence, my
conviction only gave the district attorney another
"notch on his belt". The District Attorney was
in violation of my civil rights with this conviction
that merited harsh punishment and he failed to
uphold the requirements of his law, duty or
obligation and presented conduct    page 3

Prisoner's Civil Rights Complaint

IV B. Defendant #1 Con't. Statement    2-22, 2023

unbecoming of an officer of the court.

B. Defendant #2    Assistant District Attorney
Marc Moffit         for Kaufman County
Kaufman County Courthouse    100 West Mulberry
Kaufman Texas 75142

As I stated with Defendant #1 District Attorney
Erleigh Wiley - this defendant Marc Moffit has
also violated my civil rights in reguards to my
false conviction, in the same way as his superior
court officer. The above statement I gave with
reguards to the District Attorney shall also be
sufficent as cause with this case in
reguards to this defendant.

B. Defendant #3    816th District Court Judge
Casey Blair         Kaufman County Courthouse
                    100 West Mulberry Kaufman Texas 75142

I am stating that Judge Blair did not attempt to
consider the facts reguarding my case, did not look at
or examine any evidence when considering my case,
and only acted on the "whims" decisions    page 4

Prisoners Civil Rights Complaint

IV. B Defendant #3 Con't Statement    2-22, 2023

of the District Attorney and the Assistant District
Attorney when hearing my plea; and in so
doing it violated my civil rights. Is the
Judge not susposed to look at all evidence,
statements in a case and decide on what
is possibly the best defense of the defendant
who is it not guilty untill their is sufficant
guilt of a crime proven.

V. Statement of Claim

#1 Added document: Judgment of Conviction
   by Court -Waiver of Jury Trial    2 pages
#2 Added document: Plea Agreement 5 pages
#3 Added document: Attachment A Order to
   Withdraw funds    1 page
#4 Added document: Jail Memorandum 1 page
#5 Added document: Indictment    1 page
#6 Added document: Motion of Discovery
   No 20-00196-86F    2 pages
#7 Handwritten Added document: Motion to
   Dismiss and Memorandum of Points and
   Authorities in Support of Dismissal of
   Indictment for Possible Brady    page 5
   Violation    Pages 3

Prisoner's Civil Rights Complaint

2-22, 2023

I. Statement of Claim Con't

#8 Added document: Judgment of Conviction by Court-Waiver of Jury Trial No 20-00197-86F pages 3

#9 Plea Agreement: Added document pages 3

#10 Added document: Jail Memorandum pages 1

#11 Added document: Indictment 1 page

#12 Added document: Motion of Discovery pages 2

#13 Added document: Motion for Discovery of Exculpatory Evidence 2 pages

#14 Added document: Texas Prisoner Innoncence Questionnaire 18 pages

※ Note to clerks office: Upon reciept of any other pertaining documents that could / or will be added to Statement of Claim - I will submit them to the court upon my reciept of them from other agencies I have contacted and are awaiting a copy of said documents.

page 6



CAUSE N O. **20-00196-86-F**

INCIDENT NO. / TRN:                                         Count No.

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| State ID No. | § | |

## JUDGMENT OF CONVICTION BY COURT-WAIVER OF JURY TRIAL

Judge Presiding: **Casey Blair**                 Date Sentence Imposed:  **04/14/2022**

Attorney for State: **Erleigh Norville Wiley and Marc Moffitt**     Attorney for Defendant:  **Taryn Davis**

Offense for Which Defendant Convicted:
**ROBBERY (LESSER INCLUDED CHARGE)**

| Charging Instrument: | Statute for Offense: |
|---|---|
| ☒ **Indictment** ☐ **Information** | **29.02** |
| Date of Offense: | Plea to Offense: |
| **09/03/2006** | **Nolo contendere** |

Degree of Offense:
☒ **2nd Degree Felony**          Findings on Deadly Weapon:
☐ **State Jail Felony – sec. 12.44(a)PC**   Weapon **was not** used.
☐ **Class A Misd. – sec. 12.44(b)PC**

Terms of Plea Bargain (if any):

**5 years in TDCJ, $2,000.00 fine, court costs**

1st Enhancement Paragraph:           Finding on 1st Enhancement Paragraph:

2nd Enhancement Paragraph:           Finding on 2nd Enhancement Paragraph:

☐ **SENTENCE OF CONFINEMENT SUSPENDED; DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR**
_____ **MONTH(S) / YEAR(S).**
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

Punishment and Place
of Confinement:         **5 YEARS, INSTITUTIONAL DIVISION, TDCJ**

DATE SENTENCE
COMMENCES:        **04/14/2022**        THIS SENTENCE SHALL RUN:   Concurrently
(Date does not apply to confinement served
as a Condition of community supervision.)

Fine: $  **2,000.00**        Court Cost: $   **357.00**   Restitution: $   **-0-**
                                    ☐ Restitution Payable to:
                                    (See special finding or order of restitution which is
Reimbursement Fees: $   **-0-**                  incorporated herein by this reference.)

☐ **Defendant is required to register as a sex offender** in accordance with Chapter 62, Tex. Code Crim. Proc.
**(For sex offender registration purposes only)** The age of the victim at the time of the offense was _____ years old.

| Total Jail Time Credit: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | |
|---|---|---|---|
| **731** DAYS | | DAYS | Notes: |

Was the victim impact statement returned to the attorney representing the State: ☐ **YES** ☒ **NO**
*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559,
Tex. Code Crim. Proc.? ☐ **YES** ☒ **NO**

This cause was called, and the parties appeared. The State appeared by her District Attorney as named above.

**Counsel/ Waiver of Counsel (select one)**
☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Person ID: 158997

*page 7*

☐ Defendant was tried in absentia.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

Having been convicted of the offense designated above, the Court ORDERS Defendant punished in accordance with the Court's findings as to the proper punishment as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fine, Court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the state of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **County Jail—Confinement in Lieu of Payment.** The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, and restitution ordered by the Court in the cause.

☐ **Confinement as Condition of Community Supervision.** The Court ORDERS Defendant confined _____ days in the Kaufman County Jail as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

### Fines Imposed Include (check each fine and enter each amount as pronounced by the court):

☒ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $_____
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) **$100.00**
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) **$100.00**
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) (Set by Judge) $100.00
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) **$50.00** ($50 only graffiti Offense)
☐ State Traffic Fine (§ 542.4031, Transp. Code) **$50.00**
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) **$50.00**
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) **$50.00**
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $_____

### Execution of Sentence

☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

### Furthermore, the following special finding or orders apply:

Signed this the _____ day of _____, 20_____.

_____
**JUDGE PRESIDING**

This is to certify that the fingerprints above are the above-named defendant's fingerprints taken at the time of disposition of the above styled and number cause.

Done in Court this _____ day of _____, 20_____.

_____
Deputy, District/County Clerk or Court Bailiff

**Defendant's
Right Thumbprint**

Person ID: 158997

Page 8


Cause No. 20-00196-86-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
| | § | |
| VS | § | IN AND FOR |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## PLEA AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

**Defendant's plea:** ☐ Guilty   ☒ **Nolo contendere**
☐ Defendant will testify.   ☐ Defendant will NOT testify.

**Plea to enhancement paragraph(s): Enh. Paragraph 1:** ☐ True   ☐ Not true
**Enh. Paragraph 2:** ☐ True   ☐ Not true

**Type of Plea:** ☒ Plea bargain   ☐ Open plea

**Open as to:** ☐ Deferred Adjudication   ☐ Community Supervision   ☐ Fine ☐ Restitution
☐ Other: _____

**State's recommendation:**
Court Costs, plus Fine: $_____ , Restitution: $_____ , DPS Lab $_____ and _____ hrs CS,
_____
☐ that defendant is entitled to credit set out in proposed judgment as part of plea.

**Agreed sentence:**
☒ **Confinement in *penitentiary* for 5 years.**
☐ Post-conviction community supervision, confinement probated for _____ (years) (months) (days).
☐ Deferred community supervision for _____ (years) (months) (days).
☐ Serve _____ (days) (hours) (months) in the Kaufman County Jail as a condition of community supervision.
☒ **Fine of $2,000.00.**
☐ Restitution in the amount of $_____ .   ☐ DPS Lab $_____
☒ Defendant will sign waiver of extradition.
☐ Comply with and successfully complete required treatment or rehabilitative program(s):

| | | |
|---|---|---|
| ☐ SAFPF | ☐ DWI Diversion Court Program | ☐ DWI Education Course |
| ☐ Judicial Drug Treatment Center | ☐ Anger Management Course | ☐ Repeat Offenders DWI Ed. Course |
| ☐ CENIKOR | ☐ Life Skills Course | ☐ BIPP |
| ☐ Mental Health Diversion Court | ☐ Financial Man. Program | ☐ Anti-theft Course |
| ☐ Ignition Interlock | ☐ Drug Offender Education Prog. | ☐ VIP |
| ☐ Parenting Class | ☐ Drug/ Alcohol Evaluation | ☐ 422nd Diversion Program |
| ☐ DWI Supplement to Conditions of Community Supervision | | |
| ☐ Other Program: _____ | | |

☐ Have no contact with complaining witness(es): _____ or any member of witness family/household.
☒ Defendant knowingly and voluntarily waives appeal and post-conviction writs of habeas corpus.
☒ **Court Costs.**   ☐ Community Service Hours _____ .
☐ State will 12.45 the following offenses: _____
☐ Other: _____

☐ **CHANGE OF NAME** *(Applicable only if box is checked)*

The defendant having suggested that his/her true name is other than that set forth in the charging instrument and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____ , said motion is hereby granted. It is so ordered.

Person ID: 158997

*Page 9*

## COURT'S ADMONISHMENTS TO DEFENDANT

You are charged with the offense of ROBBERY (LESSER INCLUDED CHARGE).

The punishment range for the offense charged is:

☐ Enhanced 1st Degree Felony, 25-99 years or Life.
☐ Enhanced 1st Degree Felony, 15-99 years or Life and an optional fine not to exceed $250,000.
☐ Enhanced 1st Degree Felony, 15-99 years or Life and an optional fine not to exceed $10,000
☐ Enhanced 1st Degree Felony, 10-99 years or Life and an optional fine not to exceed $100,000.
☐ 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
☒ 2nd Degree Felony, 2 - 20 years and an optional fine not to exceed $10,000.00.
☐ 3rd Degree Felony, 2 - 10 years and an optional fine not to exceed $10,000.00.
☐ State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
☐ Class A Misdemeanor, 0 – 1 year county jail and an optional fine not to exceed $4,000.
☐ Class B Misdemeanor, 0 – 180 days county jail and an optional fine not to exceed $2,000.
☐ DWI- Second Offender: 30-365 days county jail, maximum fine of $4000.00
☐ DWI- First Offender: 72 hours to 180 days county jail, maximum fine of $2000.00
☐ Other: _____

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have the right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless that Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. Further, if the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not file a post-conviction writ of habeas corpus on any claims based on facts known or that could have been anticipated with due diligence and the assistance of counsel at or before the time of the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and, under current Federal Immigration rules *is almost certain* to, result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instruments before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as in the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

### DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere.* I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to be tried upon an indictment returned by a grand jury or information filed with this court. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive: my right to be tried on an indictment returned by a grand jury or the information filed in this court; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive: arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination; of witnesses; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit ~~did judicially confess than~~ I committed the offense of ROBBERY (LESSER INCLUDED CHARGE) on 09/03/2006 exactly as alleged in the charging instrument and/or any amendments thereto. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.  *that the State's prima facie evidence would show*

Person ID: 158997

☒ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☒ I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal. I further understand that I have the right to file a post-conviction writ for habeas corpus under any articles of the Code of Criminal Procedure. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to file a post-conviction writ on any claims based on facts known or that could have been anticipated with due diligence and the assistance of counsel at the time, or before, of my plea.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*

I, the defendant, plead true to the ☐ first, ☐ second, and/or ☐ third enhancement paragraph(s) which is/are contained in the charging instrument or as set out in the notice of intent to enhance, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

☐ **WAIVER OF COURT REPORTER** *(Applicable only if box is checked)*

Understanding my right to have a court reporter present to make a record of the court proceeding in my cause, I hereby waive that right and request the court to proceed with my case without a court reporter being present. I have consulted with my attorney who has explained to me consequences of waiving a making of the court record.

## SIGNATURES AND ACKNOWLEDGEMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read, and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_4.14.22_
Date

_____
Bianca Newman

I have consulted with the defendant, who I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_4.14.22_
Date

_____
Attorney for the Defendant
State Bar#: __00792449__

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

Erleigh Norville Wiley, Criminal District Attorney, Kaufman County, by

_____
Date

_____
Marc Moffitt

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____
Date

_____
Judge Presiding

Person ID: 158997

Page 11

**BILL OF COSTS – KAUFMAN COUNTY, TEXAS** – effective 01/01/2020

**CAUSE NUMBER: 20-00196-86-F      STATE OF TEXAS VS. Bianca Newman**

### FELONY COURT COSTS -------------------------------------- $290.00
### MISDEMEANOR COURT COSTS ------------------------------------- $270.00

**MANDATORY FINES – MUST ALSO MARK ON JUDGEMENT**

| | | |
|---|---|---|
| DWI Traffic Fine TC 709.001 (Amount based on number of convictions & BAC) | $1,000 - $3,000 | $_____ |
| EMS, Trauma & Care Systems CCP 102.0185 (DWI related offense, PC 49) | $100.00 | $_____ |
| Child Abuse Prevention Fine CCP 102.0186 (Sexual offense Involving child) | $100.00 | $_____ |
| Family Violence Fine CCP 42A.504(b) (PC Title 5-Family Violence) | $100.00 | $_____ |
| Juvenile Delinquency Prevention Fine CCP 102.0171(a) (Graffiti Offense) | $50.00 | $_____ |
| Local Traffic Fine TC 542.403 (Rules of the Road) (Misdemeanors only) | $3.00 | $_____ |
| State Traffic Fine TC 542.4031 (Rules of the Road) | $50.00 | $_____ |

**MANDATORY REIMBURSEMENT FEES**

| | | |
|---|---|---|
| Visual Recording Fee CCP 102.018(a) (Intoxication Conviction) | $15.00 | $_____ |
| Time Payment Fee CCP 102.030 (Assess if setting up payment plan) | $15.00 | $15.00 |

*Fees for Service of Peace Officers:*

| | | |
|---|---|---|
| Making Arrest without a Warrant CCP102.011(a)(1) | $5.00 | $_____ |
| Execute/Process a Warrant, Capias, or CPF; CCP 102.011(a)(2) | $50.00 | $50.00 |
| Commitment to Jail CCP 102.011(a)(6) | $5.00 | $5.00 |
| Taking of Bond CCP 102.011(a)(5) | $10.00 | $_____ |
| Release from Jail CCP 102.011(a)(6) | $5.00 | $_____ |
| Attaching a Witness CCP 102.011(c) | $10.00 | $_____ |
| Summoning a Witness CCP 102.011(a)(3) | $5.00 | $_____ |
| Issuing Notice to Appear CCP102.011(a)(1) | $5.00 | $_____ |
| Serving a Writ CCP 102.011(a)(4) | $35.00 | $_____ |
| Summoning a Jury CCP 102.011(a)(7) | $5.00 | $_____ |

**OPTIONAL FEES**

| | | |
|---|---|---|
| Repay Crime Stoppers Reward Fine as Condition of CS CCP 42A.301(b)(20) | $50.00 | $_____ |
| Transaction Fee CCP 102.072 (Always Charge – Mandatory County Fee) | $2.00 | $2.00 |
| Pretrial Intervention Related. Fee (Bond Supervision Fee) CCP 102.012(b) | (Set by Judge) | $_____ |

**FEES NOT INCLUDED IN THE TOTAL COURT COSTS**

| | | |
|---|---|---|
| DPS Reimbursement CCP 42A.301(b)(18) ($60/$140/$180) | $_____ | $_____ |

| | |
|---|---|
| TOTAL COURT COSTS > > > > > > > > > | $362.00 |
| FINE > > > > > > > > > > > > > > > > > | $2,000.00 |
| RESTITUTION (Victim) > > > > > > > > > | $-0- |
| RESTITUTION (DPS Lab) > > > > > > > > > | $-0- |

I, Rhonda Hughey, District Clerk / Laura Hughes, County Clerk certify that the above costs are an accurate assessment of fees pursuant to the laws of the State of Texas.

Witness my hand and seal of office, at Kaufman, Texas this _____day of _____, 20_____

_____ **Rhonda Hughey, District Clerk**        _____ **Laura Hughes, County Clerk**

District/County Deputy Clerk _____

Attorney Signature_____

Defendant Signature_____

Person ID:  158997

**Attachment B to Judgment**

## VICTIM RESTITUTION SHEET FOR CAUSE NO.   20-00196-86-F

CHECK ALL THAT APPLY:

☐ DPS Laboratory Reimbursement to DPS Restitution Accounting, P.O. Box 4087, Austin, Texas 78773-0130. Amount of Restitution: **$140.00, $180.00, OR $60.00** (CIRCLE THE AMOUNT)

| | |
|---|---|
| ☐ Restitution to Victim 1:  Amount: $_____ | ☐ Restitution to Victim 2:  Amount: $_____ |
| Name: _____ | Name: _____ |
| Address: _____ | Address: _____ |
| _____ | _____ |

## ORDERS BY THE COURT REGARDING PAYMENTS

Defendant is ordered to pay all fines, court costs, restitution, and DPS Laboratory Reimbursement as set out in the attached judgment or order as follows:

The following obligations are time-served:
    ☐ Fine        ☐ Court Costs

The following obligations are to be paid in full to the Kaufman County Collections Department on the day judgment or order is entered:
    ☐ Fine        ☐ Court Costs        ☐ Restitution        ☐ DPS Laboratory Reimbursement

The following obligations are to be paid in installments as arranged with the Kaufman County Collections Department:
    ☒ Fine        ☒ Court Costs        ☐ Restitution        ☐ DPS Laboratory Reimbursement

The following obligation is to be paid in installments as arranged with the Kaufman County District Attorney's Office:
    ☐ Theft by Check Restitution

## SPECIAL FINDINGS, CONSIDERATIONS, OR ORDERS BY THE COURT

☐ The Court approves the 12.45 agreement entered into by the State and the Defendant and takes offenses contained within said agreement into consideration of sentencing.

☐ The Court finds that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. TEX. CODE CRIM. PROC. art. 42.013.

☐ The Court finds that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of the offense or during the immediate flight there from, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.

☐ The Court finds that the allegations contained within the indictment that defendant did commit said offense(s) within a drug free zone pursuant to HSC Sec. 481.134 are true.

☐ DWI Ignition Motor Interlock. The defendant shall install, on each motor vehicle owned or operated by defendant, a device that uses a deep-lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator.  This order shall be in effect from the date of this judgment until the date of the first anniversary after the ending of the period of driver's license suspension imposed under Section 521.344, Transportation Code. Defendant shall obtain the device(s) at the defendant's own cost on or before that ending date.  Defendant shall provide evidence to the Court on or before that ending date that the device has been installed on each appropriate vehicle, and the devices shall remain on each appropriate vehicle until the first anniversary after the ending of the period of such driver's license suspension.  Defendant shall not operate any motor vehicle that is not equipped with that device.

☐ The Court finds that the defendant is presumptively entitled to diligent participation credit in accordance with Section 15(h), Article 42.12

Person ID: 158997

CAUSE NO. 20-00196-86-F

| STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## ATTACHMENT A
## ORDER TO WITHDRAW FUNDS

TO:   INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE
COPY TO:  Newman, Bianca  SID:

GREETINGS:

THE ABOVE names Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or fines and/or restitution in the 86th District Court of Kaufman County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached.  The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Account.  Court Costs, fees and/or fines and/or restitution have been incurred in the amount of **$2,362.00**.

> THE COURT ORDERS that payment be made out of the offender's Inmate Account as follows:
> Pay an initial amount equal to the lesser of:
> > 1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
> > 2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.  After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
> > 1) 10% of each deposit in the offender's Inmate Account; or
> > 2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.  Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the account of the offender, hold same in a separate account, and shall forward said money to the Kaufman County Collections Department at 100 N Washington St., Kaufman, Tx 75142, monthly.

THIS ORDER is entered and incorporated into the Judgment the Sentence of this Court and pursuant to Government Code, Section 501.014, in this _____ day of _____, 20_____.


_____
**JUDGE PRESIDING**


Person ID:  158997

## JAIL MEMORANDUM

DEFENDANT: **Newman, Bianca**                                        86th District Court
CAUSE #'s: **20-00196-86-F**
CHARGES: **ROBBERY (LESSER INCLUDED CHARGE)**
**(Reduced from Capital Murder)**

TO THE SHERIFF OF KAUFMAN COUNTY, TEXAS:
This is to advise you that the above charges have been resolved in the following manner:

☐ Charge(s) of _____ rejected. Release the defendant on said charge(s).

☐ Case Dismissed. Release the defendant on this charge.

☐ Case dismissed and re-indicted as Cause No. _____. (Transfer bond to new number)

☐ State's Motion to Revoke Probation WITHDRAWN. Release the defendant on this charge.

☐ Indictment/Information quashed. Release the defendant on this charge.

☐ Defendant found not guilty. This is your notice that the defendant is released on this charge.

☐ Defendant received _____ year(s) probation/deferred adjudication. Release the defendant on this charge.

☐ Defendant received _____ months/years, State Jail. No Appeal Bond $_____.

☒ **Defendant received 5 years, TX Dept. Crim. Justice.** No Appeal Bond $_____.

☐ Defendant received _____ days, Kaufman County Jail; $_____ Fine; $_____ court costs.

☒ **The defendant shall receive 731 days credit toward serving the imposed sentence.**

☐ OTHER: _____
_____

DATE: _____          _____
                                                         Assistant Criminal District Attorney

---

## BENCH ORDER

**ON THIS DAY, THE COURT CONSIDERED THE ABOVE REFERENCED CAUSE AND HEREBY ENTERS THE FOLLOWING ORDERS:**

☐ Bond reinstated. Previously entered Bond Forfeitures or Surrenders are withdrawn. Release the defendant on this charge.

☐ Bond reinstated/continued at $_____ in this case.

☐ Bond set/raised/reduced to amount of $_____ in this case. Conditions of bond ARE NOT attached.

☐ Defendant gave notice of appeal. Bond is ☐ set in an amount of $_____ in this case; or ☐ continued on current appearance bond.

☐ All capias/warrants in this case are recalled and all capis/warrants outstanding on judgment nisis bearing civil cause numbers entered relative
    to this case are recalled.

☐ OTHER: _____
_____

**IT IS SO ORDERED.**

DATE: _____          _____
                                                         Judge Presiding

Person ID:  158997

*Page 15*

Cause No. 20-00196-86-F

| The State of Texas | § | In the 86th District Court |
|---|---|---|
| | § | |
| vs | § | In and For |
| | § | |
| Bianca Newman | § | Kaufman County, Texas |
| DOB  09/01/1983 | | |

## INDICTMENT

### CAPITAL MURDER with INTENTIONAL MURDER DURING ROBBERY
Capital Felony
TPC § 19.03
**Offense Code:  09990020**

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURY, for the County of Kaufman, State of Texas, duly

selected, empaneled, sworn, charged, and organized as such at the **January**

**Term** A. D. 2020, of this Court for said County, upon their oaths present in and to

said court at said term that **Bianca Newman**, hereinafter styled Defendant, on or

about **09/03/2006**, and before the presentment of this indictment, in the County

and State aforesaid, did then and there,

> intentionally cause the death of an individual, namely, Patricia
> Oferosky, by shooting Patricia Overosky with a firearm, to-wit: a
> deadly weapon, and the defendant was then and there in the course
> of committing or attempting to commit the offense of robbery of
> Patricia Oferosky,

AGAINST THE PEACE AND DIGNITY OF THE STATE

Foreperson of the Grand Jury

[  ]  Defendant arrested on view
[  ]  Defendant arrested in other county _____
[  ]  JP warrant issued _____
[ x ]  Issue capias  Recommended bond $_1,000,000.00____

Person ID:  158997

Statement of Claim # (iv)
Page 1

Case 5:23-cv-00019-RWS-JBB    Document 10    Filed 02/28/23    Page 17 of 52 PageID #: 17

Prisoners Civil Rights

Filed: 2/5/2021 2:41 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Diego Perea

NO. 20-00196-86-F

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 86TH JUDICIAL DISTRICT |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## MOTION FOR DISCOVERY

TARYN DAVIS enters this case as the defendant's attorney and requests the following:

### A. Article 39.14

1. Pursuant to Texas Code of Criminal Procedure Article 39.14, the BIANCA NEWMAN requests the prosecution comply with providing the following discovery as soon as practicable (but no later than 14 days of this request absent a prosecutor's formal motion to extend time):

a) Any offense reports of any law enforcement officer or officers or investigators involved in the investigation, arrest and/or detainment of the BIANCA NEWMAN;

b) Any documents, papers, written or recorded statements of the BIANCA NEWMAN;

c) Any documents, papers, written or recorded statements of any witness which the prosecution may call as a witness;

d) Any photographs, audio or video recordings of the BIANCA NEWMAN, witnesses, complainants, or alleged crime scenes;

e) Any books, accounts, ledgers, letters, photographs, or other tangible objects involved in the investigation and/or prosecution of this alleged offense;

f) Any tangible property of any type seized during any arrest, search, or detention of the BIANCA NEWMAN;

g) Any evidence or information that is exculpatory, impeaching or mitigating in the possession, custody or control of the prosecution, or its agents or "team" (such as law enforcement), or of any State agency, and

h) The criminal history of each and every witness the prosecution may call as a witness in this case,

2. This request extends to all items which are in the possession, custody, or control of the State or any person under contract with the State. The State may provide electronic duplicates of any document or other information.

3. This request extends to any time before, during or after trial that the prosecution, its agents, servants and/or employees discover any additional document, item or information required to be disclosed

under Article 39.14, Subsection (h) (prosecutor to promptly disclose the existence of the document, item or information to the BIANCA NEWMAN, the defense attorney, and the Court).

4. The BIANCA NEWMAN requests that the prosecution electronically record or otherwise document any document, item, or other information provided pursuant to this request, setting forth each document, item, or other information and the date and time same was provided to the defense attorney.

5. The BIANCA NEWMAN requests the prosecution to comply with these requests as soon as practicable, but no later than fourteen (14) days of this request, or that the prosecutor file a formal motion to extend the time for furnishing discovery.

6. The BIANCA NEWMAN further requests that the prosecution disclose, in writing in hard copy form or by electronic means, the names, and addresses of all witness that the prosecution may call pursuant to Rules 702, 703, and 705 of the Texas Rules of Evidence, disclosed in writing at least 20 days before the date of trial.

**B. Rules 404 and 609, and Articles 37.07 and (if applicable) Article 38.37**

1. Pursuant to Texas Rules of Evidence 404 and 609 and Texas Code of Criminal Procedure Articles 37.07 and (if applicable) 38.37, the defense requests that the prosecution give notice at least 30 days before trial of:

a) The prosecutor's intent to offer any evidence under these rules and articles

b) All discovery regarding this evidence as required under Article 39.14.

The BIANCA NEWMAN therefore requests the above discovery.

Respectfully submitted,

Law Office of Taryn Davis, PLLC
107C N. Jackson
Kaufman, Texas 75142
Email: tdavispllc@yahoo.com
Telephone: (972) 962-0653
FAX:          (972) 962-0656

BY: /s/ Taryn Davis
Taryn Davis
State Bar No. 00792449
Attorney for BIANCA NEWMAN

**Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Kaufman County, Kaufman County Courthouse, Kaufman, Texas, by e-service on date of filing.

/s/ Taryn Davis
Taryn Davis

# Statement of Claim #7, Prisoners, 2023
## Motion to Dismiss and
## Memorandum of Points and Authorities in Support of Dismissal of Indictment for Brady Violation

WYATT

A central pillar to the accused's due process right to a fair trial is the State's strict adherence to the obligation to turn over favorable evidence. In "Brady vs Maryland" the US Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution" 373 U.S. 83, 87 (1963). For the purposes of a Brady claim "the state" which includes the prosecution, other lawyers, and employees in the prosecutor's office, and members of law enforcement, connected to the investigation and prosecution of the case. Ex parte Miles, 359 S.W. 3d 647, 665 (Tex. Crim. App 2012) (citing Kyles v Whitley 514 US 419, 437 (1995). Only material, favorable evidence is subject to disclosure. The duty to disclose under the Brady sta extends to impeachment evidence as well as exculpatory evidence. Three components or essential elements are necessary to claim a Brady Violation #1 The prosecution actively suppressed or failed to disclose evidence #2 evidence was exculpatory mitigating or of impeachment value #3 the evidence was material. The Supreme Court applied Brady by holding that a prosecutor's duty to disclose material favorable evidence exists reguardless of whether the defendant made the request. US v Bagley 473 US 667 (1985) Bagley Memorandum.

Statement of Claim #7 Prisoners 2023
Motion to Dismiss and Civil Rights

Memorandum of Points and WYATT
Authorities in Support of Dismissal of Indictment
for Brady Violation _____

       Regarding the prosecutions
active concealment of exculpatory evidence — It's
case rested completely on a "Reported Statement"
by an unknown co defendant _____
at the 1st time of arrest and since then the
State has known that the Codefendant has
"Decisively Recanted His Statement" and is
                 now
prepared to testify on ~~by me~~ Bianca Newman's
behalf. The District Attorney was aware of
this - as well as knowing the value of that
initial, fales statement and the District
Attorney "the State" has actively concealed
this case changing event. The concealed
recanting of this Codefendants statement
"EXCULPATES" myself Bianca Newman.
Given the history of this crime - the District
Attorney's evidence — "or lack thereof" - in
it's attempt to convict me was circumstan-
tial at best. The District Attorneys only
possible witness to testify about my actions
in reguards to this offense is ready to
exculpate me that testimony is quintessentially
material. See United States v Miller 0520 F.3d 1
504 (5th Cir. 2008) The District Attorneys
continued concealment of evidence concerning Bianca
Newmans possible innocence raises a probability that
the evidence's disclosure to competent counsel
would not only raise the possibility of an acquittal
but could also have resulted in the District
Attorneys long ago dismissal of all charges
Kyles v Whitley 514 US 419 (1995). page 2

Page 3

Statement of Claim #7
Prisoners
Motion to Dismiss and
Rights
2023

WYATT

Memorandum of Points and Authorities in Support of Dismissal of Indictment for Possible Brady Violation

—————— The District Attorney would not then come to turns with the fact that its star sole and only witness incriminating Bianca has now confirmed what was revaled when this case was throughly investigated over 10 years ago - After Bianca Newman "myself" passed a polygraph

following law enforement's determination that I am infact innocent of these charges, during this time there was a different District Attorney in office. The Dective in charge of this case years ago determined that there was insufficient evidence to pursue prosecution.



CAUSE N O.  20-00197-86-F
INCIDENT NO. / TRN:                                          Count No.

| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | OF |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| State ID No. | § | |

## JUDGMENT OF CONVICTION BY COURT-WAIVER OF JURY TRIAL

Judge Presiding: **Casey Blair**

Date Sentence Imposed: **04/14/2022**

Attorney for State: **Erleigh Norville Wiley and Marc Moffitt**

Attorney for Defendant: **Taryn Davis**

Offense for Which Defendant Convicted:
**ROBBERY (LESSER INCLUDED CHARGE)**

Charging Instrument:
☒ **Indictment**  ☐ **Information**

Statute for Offense:
**29.02**

Date of Offense:
**09/03/2006**

Plea to Offense:
**Nolo contendere**

Degree of Offense:
☒ **2nd Degree Felony**
☐ **State Jail Felony – sec 12.44(a)PC**
☐ **Class A Misd. – sec. 12.44(b)PC**

Findings on Deadly Weapon:
Weapon **was not** used.

Terms of Plea Bargain (if any):

**5 years in TDCJ**

1st Enhancement Paragraph:                    Finding on 1st Enhancement Paragraph:

2nd Enhancement Paragraph:                    Finding on 2nd Enhancement Paragraph:

☐ SENTENCE OF CONFINEMENT SUSPENDED; DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR
_____ MONTH(S) / YEAR(S).
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

Punishment and Place
of Confinement:          **5 YEARS, INSTITUTIONAL DIVISION, TDCJ**

DATE SENTENCE
COMMENCES:
(Date does not apply to confinement served
as a Condition of community supervision.)          **04/14/2022**          THIS SENTENCE SHALL RUN:          **Concurrently**

Fine: $   -0-                    Court Cost: $   -0-          Restitution: $   -0-

Reimbursement Fees: $   -0-

☐ Restitution Payable to:
(See special finding or order of restitution which is
incorporated herein by this reference.)

☐ **Defendant is required to register as a sex offender** in accordance with Chapter 62, Tex. Code Crim. Proc.
**(For sex offender registration purposes only)** The age of the victim at the time of the offense was _____ years old.

| Total Jail Time Credit: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
|---|---|
| **731   DAYS** | _____ DAYS   Notes: |

Was the victim impact statement returned to the attorney representing the State:  ☐ **YES**  ☒ **NO**
*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559,
Tex. Code Crim. Proc.?  ☐ **YES**  ☒ **NO**

This cause was called, and the parties appeared.  The State appeared by her District Attorney as named above.

Counsel/ Waiver of Counsel (select one)
☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in
writing in open court.

Person ID: 158997

☒ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☒ I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal. I further understand that I have the right to file a post-conviction writ for habeas corpus under any articles of the Code of Criminal Procedure. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to file a post-conviction writ on any claims based on facts known or that could have been anticipated with due diligence and the assistance of counsel at the time, or before, of my plea.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*

I, the defendant, plead true to the ☐ first, ☐ second, and/or ☐ third enhancement paragraph(s) which is/are contained in the charging instrument or as set out in the notice of intent to enhance, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

☐ **WAIVER OF COURT REPORTER** *(Applicable only if box is checked)*

Understanding my right to have a court reporter present to make a record of the court proceeding in my cause, I hereby waive that right and request the court to proceed with my case without a court reporter being present. I have consulted with my attorney who has explained to me consequences of waiving a making of the court record.

## SIGNATURES AND ACKNOWLEDGEMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read, and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_____          _____
Date                                              Bianca Newman

I have consulted with the defendant, who I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_____          _____
Date                                              Attorney for the Defendant
                                                     State Bar#: _____

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

Erleigh Norville Wiley, Criminal District Attorney, Kaufman County, by

_____          _____
Date                                              Marc Moffitt

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____          _____
Date                                              Judge Presiding

Person ID: 158997

☐ Defendant was tried in absentia.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

Having been convicted of the offense designated above, the Court ORDERS Defendant punished in accordance with the Court's findings as to the proper punishment as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fine, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the state of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **County Jail—Confinement in Lieu of Payment.** The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, and restitution ordered by the Court in the cause.

☐ **Confinement as Condition of Community Supervision.** The Court ORDERS Defendant confined _____ days in the Kaufman County Jail as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

### Fines Imposed Include (check each fine and enter each amount as pronounced by the court):

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $_____
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) **$100.00**
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) **$100.00**
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) **(Set by Judge)** $100.00
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) **$50.00** ($50 only graffiti Offense)
☐ State Traffic Fine (§ 542.4031, Transp. Code) **$50.00**
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) **$50.00**
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) **$50.00**
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $_____

### Execution of Sentence

☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

### Furthermore, the following special finding or orders apply:

Signed this the _____ day of _____, 20_____.

_____
**JUDGE PRESIDING**

This is to certify that the fingerprints above are the above-named defendant's fingerprints taken at the time of disposition of the above styled and number cause.

Done in Court this _____ day of _____, 20____.

_____
Deputy, District/County Clerk or Court Bailiff

**Defendant's
Right Thumbprint**

Person ID: 158997

*Page 24*

CAUSE NO. 20-00197-86-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
| | § | |
| VS | § | IN AND FOR |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## PLEA AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

**Defendant's plea:** ☐ Guilty ☒ **Nolo contendere**
☐ Defendant will testify. ☐ Defendant will NOT testify.

**Plea to enhancement paragraph(s): Enh. Paragraph 1:** ☐ True ☐ Not true
Enh. Paragraph 2: ☐ True ☐ Not true

**Type of Plea:** ☒ **Plea bargain** ☐ Open plea
**Open as to:** ☐ Deferred Adjudication ☐ Community Supervision ☐ Fine ☐ Restitution
☐ Other: _____

**State's recommendation:**
Court Costs, plus Fine: $_____, Restitution: $_____, DPS Lab $_____ and _____ hrs CS,
_____
☐ that defendant is entitled to credit set out in proposed judgment as part of plea.

**Agreed sentence:**
☒ **Confinement in *penitentiary* for 5 *years*.**
☐ Post-conviction community supervision, confinement probated for _____ *(years) (months) (days)*.
☐ Deferred community supervision for _____ *(years) (months) (days)*.
☐ Serve _____ *(days) (hours) (months)* in the Kaufman County Jail as a condition of community supervision.
☐ Fine of $_____.
☐ Restitution in the amount of $_____. ☐ DPS Lab $_____
☒ Defendant will sign waiver of extradition.
☐ Comply with and successfully complete required treatment or rehabilitative program(s):

☐ SAFPF ☐ DWI Diversion Court Program ☐ DWI Education Course
☐ Judicial Drug Treatment Center ☐ Anger Management Course ☐ Repeat Offenders DWI Ed. Course
☐ CENIKOR ☐ Life Skills Course ☐ BIPP
☐ Mental Health Diversion Court ☐ Financial Man. Program ☐ Anti-theft Course
☐ Ignition Interlock ☐ Drug Offender Education Prog. ☐ VIP
☐ Parenting Class ☐ Drug/ Alcohol Evaluation ☐ 422nd Diversion Program
☐ DWI Supplement to Conditions of Community Supervision
☐ Other Program: _____

☐ Have no contact with complaining witness(es): _____ or any member of witness family/household.
☒ **Defendant knowingly and voluntarily waives appeal and post-conviction writs of habeas corpus.**
☐ Court Costs. ☐ Community Service Hours _____.
☐ State will 12.45 the following offenses: _____
☐ Other: _____
☐ **CHANGE OF NAME** *(Applicable only if box is checked)*

The defendant having suggested that his/her true name is other than that set forth in the charging instrument and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____, said motion is hereby granted. It is so ordered.

*Page 2*      COURT'S ADMONISHMENTS TO DEFENDANT

You are charged with the offense of **ROBBERY (LESSER INCLUDED CHARGE)**.

The punishment range for the offense charged is:

☐ Enhanced 1st Degree Felony, 25-99 years or Life.
☐ Enhanced 1st Degree Felony, 15-99 years or Life and an optional fine not to exceed $250,000.
☐ Enhanced 1st Degree Felony, 15-99 years or Life and an optional fine not to exceed $10,000
☐ Enhanced 1st Degree Felony, 10-99 years or Life and an optional fine not to exceed $100,000.
☐ 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
☒ 2nd Degree Felony, 2 - 20 years and an optional fine not to exceed $10,000.00.
☐ 3rd Degree Felony, 2 - 10 years and an optional fine not to exceed $10,000.00.
☐ State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
☐ Class A Misdemeanor, 0 – 1 year county jail and an optional fine not to exceed $4,000.
☐ Class B Misdemeanor, 0 – 180 days county jail and an optional fine not to exceed $2,000.
☐ DWI- Second Offender: 30-365 days county jail, maximum fine of $4000.00
☐ DWI- First Offender: 72 hours to 180 days county jail, maximum fine of $2000.00
☐ Other: _____

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have the right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless that Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. Further, if the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not file a post-conviction writ of habeas corpus on any claims based on facts known or that could have been anticipated with due diligence and the assistance of counsel at or before the time of the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and under current Federal Immigration rules *is almost certain* to, result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instruments before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as in the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

### DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to be tried upon an indictment returned by a grand jury or information filed with this court. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive: my right to be tried on an indictment returned by a grand jury or the information filed in this court; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive: arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit ~~and judicially confess than~~ I committed the offense of **ROBBERY (LESSER INCLUDED CHARGE)** on **09/03/2006** exactly as alleged in the charging instrument and/or any amendments thereto. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

*that the State's prima facie evidence would ...*

Person ID: 158997

*Page 26*

Case 5:23-cv-00019-RWS-JBB Document 1 Filed 02/28/23 Page 27 of 52 PageID #:
*Statement of Plaintiff's Civil Rights*
*Page 27*

☒ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☒ I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal. I further understand that I have the right to file a post-conviction writ for habeas corpus under any articles of the Code of Criminal Procedure. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to file a post-conviction writ on any claims based on facts known or that could have been anticipated with due diligence and the assistance of counsel at the time, or before, of my plea.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*

I, the defendant, plead true to the ☐ first, ☐ second, and/or ☐ third enhancement paragraph(s) which is/are contained in the charging instrument or as set out in the notice of intent to enhance, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

☐ **WAIVER OF COURT REPORTER** *(Applicable only if box is checked)*

Understanding my right to have a court reporter present to make a record of the court proceeding in my cause, I hereby waive that right and request the court to proceed with my case without a court reporter being present. I have consulted with my attorney who has explained to me consequences of waiving a making of the court record.

## SIGNATURES AND ACKNOWLEDGEMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read, and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea:

_____        _____
Date                               Bianca Newman

I have consulted with the defendant, who I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_____        _____
Date                               Attorney for the Defendant
                                   State Bar#: _____

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

Erleigh Norville Wiley, Criminal District Attorney, Kaufman County, by

_____        _____
Date                               Marc Moffitt

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____        _____
Date                               Judge Presiding

Person ID: 158997

*Page 27*

*Statement of Claim and Prisoners Civil Rights
Page 1*

# JAIL MEMORANDUM

DEFENDANT: **Newman, Bianca**                                                86th District Court
CAUSE #'s: **20-00197-86-F**
CHARGES: **ROBBERY (LESSER INCLUDED CHARGE)**
**(Reduced from Capital Murder)**

TO THE SHERIFF OF KAUFMAN COUNTY, TEXAS:
This is to advise you that the above charges have been resolved in the following manner:

☐ Charge(s) of _____ rejected. Release the defendant on said charge(s).

☐ Case Dismissed. Release the defendant on this charge.

☐ Case dismissed and re-indicted as Cause No. _____. (Transfer bond to new number)

☐ State's Motion to Revoke Probation WITHDRAWN. Release the defendant on this charge.

☐ Indictment/Information quashed. Release the defendant on this charge.

☐ Defendant found not guilty. This is your notice that the defendant is released on this charge.

☐ Defendant received _____ year(s) probation/deferred adjudication. Release the defendant on this charge.

☐ Defendant received _____ months/years, State Jail. No Appeal Bond $_____.

☒ **Defendant received 5 years, TX Dept. Crim. Justice.** No Appeal Bond $_____.

☐ Defendant received _____ days, Kaufman County Jail; $_____ Fine; $_____ court costs.

☒ **The defendant shall receive 731 days credit toward serving the imposed sentence.**

☐ OTHER: _____
_____

DATE: _____            _____
                                       Assistant Criminal District Attorney

---

# BENCH ORDER

**ON THIS DAY, THE COURT CONSIDERED THE ABOVE REFERENCED CAUSE AND HEREBY ENTERS THE FOLLOWING ORDERS:**

☐ Bond reinstated. Previously entered Bond Forfeitures or Surrenders are withdrawn. Release the defendant on this charge.

☐ Bond reinstated/continued at $_____ in this case.

☐ Bond set/raised/reduced to amount of $_____ in this case. Conditions of bond ARE NOT attached.

☐ Defendant gave notice of appeal. Bond is ☐ set in an amount of $_____ in this case: or ☐ continued on current appearance bond.

☐ All capias/warrants in this case are recalled and all capias/warrants outstanding on judgment nisis bearing civil cause numbers entered relative to this case are recalled.

☐ OTHER: _____
_____

**IT IS SO ORDERED.**

DATE: _____            _____
                                                 Judge Presiding

Person ID:  158997

*Page 28*

*Statement of Claim #11*    *Prisoner Exhibits*

Cause No. 20-00197-86-F

| | | |
|---|---|---|
| The State of Texas | § | In the 86th District Court |
| | § | |
| vs. | § | In and For |
| | § | |
| Bianca Newman | § | Kaufman County, Texas |
| DOB. 09/01/1983 | | |

## INDICTMENT

**CAPITAL MURDER with INTENTIONAL MURDER DURING ROBBERY**
Capital Felony
TPC § 19.03
**Offense Code: 09990020**

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Kaufman, State of Texas, duly

selected, empaneled, sworn, charged, and organized as such at the **January**

Term A D **2020**, of this Court for said County, upon their oaths present in and to

said court at said term that **Bianca Newman**, hereinafter styled Defendant, on or

about **09/03/2006**, and before the presentment of this indictment, in the County

and State aforesaid, did then and there,

> **intentionally cause the death of an individual, namely, Stephen Mitchelltree, by shooting Stephen Mitchelltree with a firearm, to wit: a deadly weapon, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stephen Mitchelltree.**

AGAINST THE PEACE AND DIGNITY OF THE STATE

Foreperson of the Grand Jury

[  ] Defendant arrested on view
[  ] Defendant arrested in other county _____
[  ] JP warrant issued _____
[ x ] Issue capias. Recommended bond $ 1,000,000 _____

Person ID   158997

*Page 29*

*Statement of Claim # 12 Court
Page 1
Rights*

Rhonda Hughey,
District Clerk
Kaufman County, Texas

Diego Perea

NO. 20-00197-86-E

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 86TH JUDICIAL DISTRICT |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## MOTION FOR DISCOVERY

TARYN DAVIS enters this case as the defendant's attorney and requests the following:

### A. Article 39.14

1. Pursuant to Texas Code of Criminal Procedure Article 39.14, the BIANCA NEWMAN requests the prosecution comply with providing the following discovery as soon as practicable (but no later than 14 days of this request absent a prosecutor's formal motion to extend time):

a) Any offense reports of any law enforcement officer or officers or investigators involved in the investigation, arrest and/or detainment of the BIANCA NEWMAN;

b) Any documents, papers, written or recorded statements of the BIANCA NEWMAN;

c) Any documents, papers, written or recorded statements of any witness which the prosecution may call as a witness;

d) Any photographs, audio or video recordings of the BIANCA NEWMAN, witnesses, complainants, or alleged crime scenes;

e) Any books, accounts, ledgers, letters, photographs, or other tangible objects involved in the investigation and/or prosecution of this alleged offense;

f) Any tangible property of any type seized during any arrest, search, or detention of the BIANCA NEWMAN;

g) Any evidence or information that is exculpatory, impeaching or mitigating in the possession, custody or control of the prosecution, or its agents or "team" (such as law enforcement), or of any State agency; and

h) The criminal history of each and every witness the prosecution may call as a witness in this case;

2. This request extends to all items which are in the possession, custody, or control of the State or any person under contract with the State. The State may provide electronic duplicates of any document or other information.

3. This request extends to any time before, during or after trial that the prosecution, its agents, servants and/or employees discover any additional document, item or information required to be disclosed

*Page 30*

under Article 39.14, Subsection (h) (prosecutor to promptly disclose the existence of the document, item or information to the BIANCA NEWMAN, the defense attorney, and the Court).

4. The BIANCA NEWMAN requests that the prosecution electronically record or otherwise document any document, item, or other information provided pursuant to this request, setting forth each document, item, or other information and the date and time same was provided to the defense attorney.

5. The BIANCA NEWMAN requests the prosecution to comply with these requests as soon as practicable, but no later than fourteen (14) days of this request, or that the prosecutor file a formal motion to extend the time for furnishing discovery.

6. The BIANCA NEWMAN further requests that the prosecution disclose, in writing in hard copy form or by electronic means, the names, and addresses of all witness that the prosecution may call pursuant to Rules 702, 703, and 705 of the Texas Rules of Evidence, disclosed in writing at least 20 days before the date of trial.

### B. Rules 404 and 609, and Articles 37.07 and (if applicable) Article 38.37

1. Pursuant to Texas Rules of Evidence 404 and 609 and Texas Code of Criminal Procedure Articles 37.07 and (if applicable) 38.37, the defense requests that the prosecution give notice at least 30 days before trial of:

a) The prosecutor's intent to offer any evidence under these rules and articles

b) All discovery regarding this evidence as required under Article 39.14.

The BIANCA NEWMAN therefore requests the above discovery.

Respectfully submitted,

Law Office of Taryn Davis, PLLC
107C N. Jackson
Kaufman, Texas 75142
Email: tdavispllc@yahoo.com
Telephone: (972) 962-0653
FAX:        (972) 962-0656

BY: /s/ Taryn Davis
    Taryn Davis
    State Bar No. 00792449
    Attorney for BIANCA NEWMAN

### Certificate of Service

This is to certify that a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Kaufman County, Kaufman County Courthouse, Kaufman, Texas, by e-service on date of filing.

/s/ Taryn Davis
Taryn Davis

Filed: 5/7/2021 2:49 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Michelle Lopez

NO. 20-00197-86-F

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 86th JUDICIAL DISTRICT |
| | § | |
| BIANCA NEWMAN | § | KAUFMAN COUNTY, TEXAS |

## MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, Bianca Newman, by and through the undersigned counsel, and respectfully moves this Court to order the State to disclose all evidence in its possession and in the possession of its agents, which is both favorable to Defendant and material either to guilt or to punishment, including impeachment evidence.

1. Such disclosure is required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See* Brady v. Maryland, 373 U.S. 83, 87 (1963); *see also* United States v. Bagley, 473 U.S. 667, 675-78 (1985). Disclosure is also required under the Due Course of Law provisions of Article I, §§ 13 and 19 of the Texas Constitution.

2. Rule 3.09(d) of the Texas Disciplinary Rules of Professional Conduct requires prosecutors to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, to disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal".

3. Defendant specifically requests production of all recordings of co-defendant, Vincent Edmond, including, but not limited to, Edmond's recorded statement on December 27,

2010, with Terrell Police Officer, Kenneth Moore (See Ranger 941 and Evidence Log Ranger 566). Alleged Co-Defendant, Edmond pled guilty to two counts of aggravated robbery and received a deferred probation on December 30, 2010. Counsel for Defendant has contacted Patsy Berry, official court reporter at that time, and requested a transcript of this proceeding to no avail. Defendant is aware Edmond has been taken before the Court on two separate occasions as a potential witness in <u>State of Texas v. Bianca Newman</u> without notice to counsel and requests Official Court Reporter transcriptions of these ex-parte communications.

**WHEREFORE, PREMISES CONSIDERED,** Bianca Newman prays that this Court order the State to disclose all exculpatory and mitigating evidence in its possession.

Respectfully submitted,

Law Office of Taryn Davis, PLLC
107C N. Jackson St.
Kaufman, TX 75142
Telephone: (972) 962-0653
Fax: (972) 962-0656

By: _/s/ Taryn Davis_
    Taryn Davis
    State Bar No. 00792449
    tdavispllc@yahoo.com
    Attorney for Bianca Newman

## CERTIFICATE OF SERVICE

This is to certify that on May 7, 2021, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Kaufman County, by electronic service through the Electronic Filing Manager.

    _/s/ Taryn Davis_
    Taryn Davis

Statement of Claim / 14 Rights Complaint
Page 1

# TEXAS PRISONER INNOCENCE QUESTIONNAIRE

If you want to make an innocence claim, you should first read Chapter 13 of the Offender Legal Handbook, Twelfth Edition. The Offender Legal Handbook is in your unit law library.

You should not fill out the Texas Prisoner Innocence Questionnaire (TPIQ) unless you are innocent of the crime(s) holding you in prison. Courts require new, clear and convincing evidence that proves your innocence. "New evidence" means evidence that was not available at the time of trial and was not considered by the court. If your case does not meet the definition above, no new evidence exists to prove your innocence, or the evidence available does not meet a clear and convincing standard, the law school clinics will not take your case.

If you think you meet the requirements and criteria for making a claim of innocence, fill out the TPIQ and the Consent for Release of Information, then send them to an innocence clinic. Follow the mailing instructions which you will find near the end of the TPIQ. Send your TPIQ to only one clinic. If you send a TPIQ to more than one clinic, it will not be helpful. The clinics share a database and will know you have sent a TPIQ to another project. Only one project at a time will work on your case. Clinics share information with each other and will not duplicate work when investigating a case.

When filling out the TPIQ, use your best handwriting. If the clinic staff can't read your TPIQ, they can't help you. If you do not know the answer to a question, simply say, "I do not know." Whenever you are given a choice for answer (for example, YES or NO), circle the correct answer. If you run out of space, write "see attached." On a clean sheet of paper, write the corresponding number of the question you are finishing and complete your answer. If you need more than one additional page of paper to explain a question you are probably writing too much. Keep it short and to the point!

You may need to fill out more than one TPIQ if you are claiming innocence on more than one conviction. Use the following examples to know whether to fill out more than one TPIQ:

- if you were charged with the kidnapping and aggravated sexual assault in an incident that involved a single victim, fill out only one TPIQ.
- if the conviction involves multiple counts against the same victim (for example, sexual assault of the same child on different days), fill out only one TPIQ.
- if you were convicted in two or more sexual assaults, involving different victims who were attacked at different times, fill out a TPIQ for each conviction.

Page 34

*Statement of Claim Attached to Prisoners Civil Rights*
*Page 2*

## TEXAS PRISONER INNOCENCE QUESTIONNAIRE

**APPLICANT CHECKLIST- Check "yes" or "no" for each question below as it relates to the conviction you are claiming innocence for. If you are claiming innocence on more than one conviction, reread the first page to see if you need to fill out a separate TPIQ for each conviction.**

| YES | NO | THE CRIME YOU CLAIM INNOCENCE FOR: |
|-----|-----|-----|
| ✓ | | Was it committed in Texas? |
| | ✓ | Was it for an offense that occurred while in custody? |
| ✓ | | Is it a FELONY? |
| | ✓ | Is it a FEDERAL conviction? |
| | ✓ | Is it a DEATH PENALTY conviction? |
| | ✓ | Is it a drug-related conviction? |
| ✓ | | Did you plead GUILTY, NO CONTEST or NOLO CONTENDERE? |
| | ✓ | Have you exhausted your direct appeals? |
| | ✓ | Do you currently have a state and/or federal writ pending? |
| | ✓ | Are you currently represented by an attorney? |
| | ✓ | Have you ever been released to parole/probation on the conviction? |
| | ✓ | If you were released to parole/probation on the conviction, was that parole/probation ever revoked? |
| | ✓ | If your parole/probation was revoked, is the innocence claim on the underlying offense (not on the reason for the revocation)? |
| ✓ | | Are you currently incarcerated? |

## I.   PERSONAL INFORMATION

A.   Full name (first, middle, last): Bianca Shirlain Newman

B.   Date of birth: 9-1-1983

C.   TDCJ number: 2392107

D.   Current unit and mailing address: Woodman Unit
1210 Coryell City Rd.
Gatesville, TX 76528

E.   Email address (if any): b_snewman@gmail.com

F.   What was your Driver's License Number at the time of conviction (even if now currently invalid)? 19423125 State of issuance: Texas

G.   Closest relative or personal friend for contact outside of prison (name, relationship, address, phone #): Elain Hardy (mother)
(936) 232-9030
208 Jones Rd. East
Livingston, TX 77351

*Page 35*

Page 3

H.  What is your primary/first language?  English

I.  What was the highest grade you completed in school?  College & Vocational

J.  Have you been given an IQ Test?  (Yes)  No   If yes, what was your score?  Unknown
Who gave the test and what year?  TDCJ — 2022

K.  Please list the school(s) you have attended:  Richardson High School
Trinity Valley Community College, Richland College, CCI
training Center

L.  Are you currently represented by an attorney or is an innocence organization
currently investigating your case?              Yes        (No)

If yes, list the name, address, and phone number of the attorney or organization and
describe the proceedings in which you are represented:

M.  Has another innocence project already looked into your actual innocence claim?
Yes              (No)

If yes, list the project name (or names, if more than one):

N.  Have you ever been diagnosed with a mental problem (For example: schizophrenia,
bipolar disorder, etc.)?   Yes    (No)

If yes, what was the diagnosis, who made it, and when?

O.  What kind of legal help do you want (DNA motion, state writ, clemency, etc)?  Writ, over-
turned conviction & clemency: Possible legal
Counsel in possible Prisoner's Civil Rights
Complaint.

page 36

*Statements of Plaintiff Prisoners Civil Rights*

*Page 4*

## II. CURRENT CONVICTION INFORMATION

A. List all convictions for which you are currently incarcerated. Provide the offense type, date of offense, length of sentence, county of conviction, and cause number.

*Robbery - 9/3/2006 - 5 year sentence - Kaufman County*
*Robbery - 9/3/2006 - 5 year concurrently - Kaufman County*
*Cause number: 20-00196-86F*
*20-00197-86F*
*// Lesser charge original Charge Capital Murder*

B. For the conviction that you are claiming innocence, fill out the chart below. If you are claiming innocence for more than one conviction, reread the instructions on the first page to see if you need to fill out separate TPIQ's. If you need to fill out more than one TPIQ, be sure to send all the completed TPIQs to the same clinic at the same time.

| | |
|---|---|
| Offense | Robbery |
| City, County | Kaufman, Kaufman County |
| Trial Cause Number | 20-00196-86-F |
| Offense Date | 9-3-2006 |
| Arrest Date | Original arrest in 2006 - Rearrested 5-1-2020 |
| Conviction Date | 4-14-2022 |
| Conviction By (circle one) | (PLEA BARGAIN)   BENCH TRIAL   JURY TRIAL |
| Sentence Length | 5 years |
| Parole Eligibility Date | N/A September 2024 |
| Sentence Discharge Date | LIFE April 13th 2025 |
| Are you claiming self-defense | YES   (NO) |
| Are you Innocent? | (YES)   NO |

*Page 37*

*Page 5*

## III. INNOCENCE CLAIM (check all that apply to your claim of innocence)

_____ **DNA will prove my innocence**

**#1.** ✓ **An alibi will prove my innocence** (on a separate piece of paper, please list the alibi witness(es)' name(s), current or last known contact information (if known), and a short description of what each witness would say)

_____ **The victim(s) mistakenly identified me as the criminal actor**

_____ **The victim has recanted**

_____ **The victim lied about the incident**

_____ **There are additional witnesses who never testified** (on a separate piece of paper, please list the witness(es)' name(s), current or last known contact information (if known), and a short description of what each witness would say)

**#2.** ✓ **Someone else has admitted committing the crime and said I was not involved** (on a separate piece of paper, please list the witness(es)' name(s), current or last known contact information (if known), and a short description of what each witness would say)

**#3.** ✓ **I gave a false confession** — *See attachment*

_____ **Other:** Explain, describing what new evidence exists that would lead to proof of innocence:

A. Describe what the police or prosecutor say you did to commit the crime for which you were convicted but are claiming innocence. If you were charged as an accomplice or as a party-to-the-crime, describe what role they say you played in the offense. *They claimed that I was a get a way driver.*

B. Describe your version of events. Include a detailed description of what you were doing that day, what happened, and any other information you feel is important, including why you think important information was not presented on your behalf.

At the time of the crime I was clocking out from my second job in another city over, stopped and got gas, picked my son up from daycare, picked my brother up from his girlfriend's house, and we went home. The evidence wasn't presented in court because I took a plea bargin based soley on the fact of No Contest to the charge. I was afraid to loose the rest of my freedom and family life I could have.

## IV.     LAW ENFORCEMENT INVESTIGATION/EVIDENCE

A. List the law enforcement agency that investigated the crime and the names of the investigating officers if you know them: Terrell Police Department & Texas Rangers and Kaufman County Sherriff's Dept

B. How did you become a suspect in the investigation? Not sure

C. To your knowledge, were there any other suspects the police investigated? (Yes)   No
If so, whom?

D. To your knowledge, why did the investigation into that person/those people stop? We all were released in 2006 & rearrested in 2020. I was the only one that took a polygraph and passed

E. Why do you think the "victim(s)" made complaints against you? UNKNOWN

Page 7

F.   When was the first time you spoke with your trial lawyer? 9/2006

G.   Did the police or investigating detective(s) ever interview you, and if so, how many
     times were you interviewed? Yes, I'm not sure how many times
     I was interviewed.

H.   How long were the interviews? UNK

I.   Did you ask to speak to a lawyer during the interview(s)?          Yes   (No)

     If so, did the interview stop when you requested your lawyer?      Yes   No

J.   Did you sign any papers during the interview?                      Yes   (No)
     If so, what did you sign?

K.   Did you sign any papers after the interview?                       Yes   (No)
     If so, what did you sign?

L.   Did you give a confession or make statements to investigating officers? (Yes)  No

     If yes: I made statements never a confession, I just
     agreed to whatever statement to just take plea.
     1.  Please give a detailed description of what you told officers: That I didn't do
     it and that I didn't know anything or participate in
     the crime.

     2.  Why did you give the statement?

     3.  Was it a written statement?             Yes   No

         If it was written, did you sign it?     Yes   No

     4.  Was your lawyer with you when you signed the statement?  Yes   No

     5.  Was the statement admitted at trial?    Yes   No

M.   Please list the name(s) of all co-defendants (others charged with the same crime):

     Vincent Edmond - Don't know this guy
     Justin Prox - Don't know this guy
     Darrius Hubbard -
     Anthony Holliman -

Page 40

Statement of Claim 1K1 Deprivation of Civil Rights
Page 8

N. Do you know if the co-defendant(s) were offered anything in exchange for their testimony? (Yes) No

If so, what were they offered? Lesser charge this is the reason I took the plea they ~~were~~ took a plea implicating me just to get the deal offered.

O. What sentence(s) did the co-defendant(s) receive? Where are they now? (transcript)

Agg Robbery - Vincent Edmond - 5 year ~~as~~ deferred adjudication - plea is missing - Home murder murder - Justan Prox - 10 year not sure of charge - TDC
- Darius Hubbard - 6 years - TDC        Anthony Holliman - unk

P. Please list the name(s) of all alleged victim(s) of the offense for which you were convicted:

Patricia Oferosky & Stephen Mitchell/tree

Q. Did any eyewitnesses identify you, and if so, when and where? (For example: at the scene of the crime, in a photo line-up, in court, other) In a bogus photo line up after I had been on the news and in the news paper, and after the guys wife talked to the victim's sister. I could not identify me in court

R. Did anyone else identify or implicate you? (Yes) No

If so: who, when, where, and did they testify? Vincent Edmond he told them he didn't know me & that I did not participate in the crime & they asked again and he somewhat implicated me. He agreed to testify on my behalf, when the state found out they started harassing him.

## V. COURT PROCEEDINGS

A. Pre-Trial:

1. Were you offered a plea? Yes (No) What was it? _____

2. Did you take the plea agreement? (Yes) No

Why or why not? I took a No contendere plea because the co-defendants took a plea implicating me just to get a deal. Evidence was already missing I didn't want to chance going to trial and getting life without parole for a crime I didn't committ. I have 4 kids to get back home to.

Circle your final plea:  NOT GUILTY   GUILTY  (NOLO CONTENDERE)

3. Name, address and phone number of trial lawyer:

Taryn Davis - 101C N. Jackson St Kaufman, Tx 75142
Joseph Russell -

Circle one:    RETAINED    APPOINTED    (PRO BONO)

4.  Name, address, and phone number of any investigator (other than police officers) who worked on your case:

5.  Name(s) of the prosecuting District Attorney(s) on your case:

    *Marc Moffitt & Erleigh Norville Wiley*

6.  Name of the judge presiding in your case:

    *Casey Blair*

B.    Trial Information (skip if you took a plea bargain and go to C., below):

1.  Did you testify?    Yes    No
    If no, why not?

2.  Did the "victims" testify?    Yes    No

3.  List any surviving family member(s) or friend(s) who gave an impact statement:

4.  List the witnesses that testified for the STATE, explain how they are related to the case, and briefly describe the testimony of each witness:

5.  If any expert(s) testified for the STATE (For example: a doctor, handwriting expert, scientist, etc.), please provide the expert(s)' name(s), address(es), and telephone number(s), along with a brief description of what type of expert they were.

*Statements of Plaintiff Prisoner Civil Rights*

*Page 10*

6. List the witnesses that testified for the DEFENSE, how they are related to the case, and briefly describe the testimony of each witness:

7. If any expert(s) testified for the DEFENSE (for example, a doctor, handwriting expert, scientist, etc.), please provide the expert(s)' name, address(es), and telephone number(s), along with a brief description of what type of expert they were.

C. Evidence (Answer even if you took a plea bargain):

1. Describe any Non-Biological Physical Evidence evidence (For example: fingerprints, weapons, fibers, tire tracks, etc.) recovered during the investigation of your case: *Just the bogus photo line up and some falsely given statements*

a. What testing, if any, was performed on the physical evidence? *None on physical evidence. I took a polygraph*

b. Who arranged to have the testing done? (Prosecution) Defense

c. Which lab(s) performed the test(s)? *Polygraph done at Mesquite Police Department*

d. Was that evidence used at trial? Yes No

e. Please list what item(s) of Non-Biological Physical Evidence you think can be tested and state how the test(s) will show you are innocent.

2. Biological Evidence. Was any biological (DNA) evidence recovered during the investigation of your case? Yes (No)

*Page 43*

*Statement of Claim and Damages and Civil Rights*

*Page 11*

If yes:

a. If any biological (DNA) evidence (For example: vaginal swabs, anal swabs, blood, hair samples, semen stains, bodily fluids, fingernail scrapings, saliva, etc.) were obtained from the victim, what samples were obtained? N/A

b. If any bodily fluids or hair samples were obtained from you, what samples were obtained, who obtained them from you, and where were they obtained? N/A

c. If any biological (DNA) evidence was found at the crime scene, what was found and where? N/A

d. If any biological (DNA) evidence was found on you/your clothing/etc. and/or in your car/home/etc., what was found and where? N/A

e. If any testing was done on the bodily fluids or hair samples, what kind of testing was performed? N/A

f. Who arranged to have the testing done: prosecution or defense? N/A

g. Which lab(s) performed the test(s)? N/A

h. If applicable, who arranged to have the second test done: prosecution or defense? N/A

*Page 44*

*Select out of Claim #14 Prisoners Civil Rights*

*Page 12*

i. Which lab(s) performed the second test? N/A

j. Was testing done on all of the physical/biological evidence recovered during the investigation of your case? Yes (No)

k. Were the results of the test(s) used at trial? Yes (No)
If no, why not?

l. Were the results of the test(s) used on appeal? Yes (No)
If no, why not?

m. Please list what items(s) of evidence you think can be subjected to a DNA test and state how the DNA test will show you are innocent.

n. Other than bodily fluids or hair, is there any physical evidence that is still available? Yes    No
If so, what is it, where is it, and who has it?

o. Have you received written noticed that evidence in your case has been destroyed? Yes (No)
If so, when and from whom?

D. Direct Appeal

1. Did you/your attorney appeal?    Yes (No)
If yes, what is that appeal cause number?_____

2. Is your case still on appeal (waiting for a decision)?    Yes    No

3. Name, address and phone number of appellate lawyer:

*Page 45*

*Statement for Claim #14 Prisoner 6 Civil Rights*

*page 13*

E.    Petition for Discretionary Review (PDR)

1.   Did you/your attorney file a petition for discretionary review (PDR)? Yes (No) 
     If yes, what is the PDR cause number?

2.   Is your case still waiting for a decision on the PDR?   Yes    No

3.   Name, address and phone number of PDR lawyer (if any):

4.   Did you/your attorney file a writ of certiorari to the U.S. Supreme Court? Yes (No)

F.   Writ of Habeas Corpus

1.   Did you/your attorney file a writ of habeas corpus in STATE court?   Yes (No)

     If yes, how many STATE writs have been filed?

2.   Name, address, and phone number of STATE writ lawyer:

3.   For each STATE writ filed, list the issue(s) raised. Which issue(s), if any, did the court decide in your favor?

4.   Did you/your attorney file a writ of habeas corpus in FEDERAL court? Yes (No)

     If yes, how many FEDERAL writs have been filed?

5.   Name, address and phone number of your FEDERAL writ lawyer:

6.   For each FEDERAL writ filed, list the issue(s) raised.  Which issue(s), if any, did the court decide in your favor?

*Page 46*

*Statement of a Claim and Prisoners Civil Rights*
*Page 14*

## VI.    CASE MATERIALS

Please check the materials that are available to you.   DO NOT SEND ANY OF THE MATERIALS until asked to do so.

A.  Pretrial transcripts                                                     _____

B.  Trial transcripts                                                         _____

C.  Police offense reports                                               _____

D.  Police field notes (Handwritten notes)                      _____

E.  Affidavits                                                                 _____

F.  Witness Statements                                                  ____✓_____

G.  Laboratory reports                                                   _____

H.  Direct appeal brief – Petitioner / Defense (yours)     _____

I.   Direct appeal brief – Respondent / State (theirs)       _____

J.   Any other briefs  (Specify)                                     _____

K.  Petition for Discretionary Review                            _____

L.  Habeas Corpus writs                                               _____

M.  DNA motions                                                         _____

N.  Other documents or legal materials of any kind         ____✓_____
     Please describe: My attorney had mostly everything I have a
Copy of a statement made that saying I had nothing to do with the
crime

## VII.   CHILD SEXUAL ABUSE CASES (skip if you are not convicted of child sexual abuse)

A.  How many children accused you of molesting them?  _____

B.  For each child, list the child's name, age at time of abuse, current age, gender and the child's relationship to you (For example: daughter, son, step-child, niece, nephew, neighbor, etc.)

*Page 47*

*Statement of Claim, Part I, Prisoner Civil Rights*

*Page 15*

C. What did the child/children say that you did?

D. When did the child/children first make the accusation and whom did they tell?

E. Why do you think the child/children made complaints against you?

F. Did a doctor examine the child/children? Yes   No
If yes, what was the doctor's name?

G. Describe the results/findings of the exam and any evidence collected:

H. Has the child/children told anyone that they lied or made up the accusation?  Yes   No

If Yes, what did they say and to whom did they say it?

**VIII.  PROVIDE ANY OTHER INFORMATION YOU THINK THE CLINIC SHOULD KNOW ABOUT YOU OR YOUR CASE.**

**IX.  LIST THE NAME(S) AND CONTACT INFORMATION (address, phone, email) OF ANYONE WHO HELPED YOU COMPLETE THIS FORM.**

**X.  SIGN THE TWO-PAGE WAIVER THAT APPEARS AT THE END OF THE PACKET. IF YOU DO NOT SIGN THE WAIVER, THE CLINIC CANNOT ACCEPT YOUR CASE. IF YOU HAVE QUESTIONS ABOUT THE WAIVER, WRITE SCFO.**

*Page 48*

# MAILING INSTRUCTIONS

When you complete your TPIQ and have signed the "Consent for Release of Information," send the TPIQ and consent form to one of the following innocence clinics. Send your TPIQ to only one clinic. If you send a TPIQ to more than one clinic, it will not be helpful. The clinics share a database and will know you have sent a TPIQ to another project. Only one project at a time will work on your case. Clinics share information with each other and will not duplicate work when investigating a case.

Actual Innocence Clinic, The University of Texas at Austin School of Law, 727 E. Dean Keeton St., Austin, TX 78705

Innocence Project of Texas (IPOT), 300 Burnett Street, Suite 160, Ft. Worth, TX 76102 (Note: IPOT services both Texas A&M University School of Law and Texas Tech University School of Law)

Joyce Ann Brown Innocence Clinic, UNT Dallas College of Law, 1901 Main St., Dallas, TX 75201

University of Houston Law Center, Texas Innocence Network, 100 Law Center, Houston, TX 77204

Thurgood Marshall School of Law Innocence Project, 3100 Cleburne St., Houston, TX 77004

**DO NOT SEND ANY OTHER DOCUMENTS AT THIS TIME.** If the Clinic needs additional information, it will request it from you. You may attach additional pages to explain your case if necessary.

The Clinic you send your TPIQ to does not represent you. However, the information you provide in the TPIQ and send to the Clinic is in an effort by you to establish an attorney-client relationship with them. As such, that information is confidential and is protected in law by the attorney-client privilege. That is true whether or not an attorney-client relationship is ever formed between you and the Clinic.

You must sign the attached "Consent for Release of Information" so that the Clinic may review your case. Place the name of the Clinic you will be sending the TPIQ to in the space where it says "Name of Clinic." If there is something about the Release you do not understand, send an I-60 to State Counsel for Offenders.

**Mailing Checklist** (Sender please check off and fill out):
___✓ TPIQ enclosed. If more than one, list the number here: __2__
___✓ **Signed** Consent for Release of Information enclosed
___✓ Additional pages enclosed. List the number here: _____

# CONSENT FOR RELEASE OF INFORMATION

By signing below, I authorize _____

<em>[insert name of clinic]</em>

(hereinafter "Clinic") its staff or representatives to investigate my case, communicate with my former attorneys, prosecutors, witnesses, the Texas Department of Criminal Justice, Texas Board of Pardons and Paroles, probation and parole officers, and all other persons or governmental agencies that may have information that the Clinic deems necessary in evaluating my case. I specifically waive the attorney-client privilege existing between myself and my former attorneys, paralegals, legal assistants, investigators, and other representatives who worked on my behalf and grant them permission to speak to the Clinic's attorneys, staff and representatives investigating my case.

I authorize any and all entities to release to the Clinic or its staff or representatives, any and all records, files, reports and information of any kind related to me or to any criminal case involving me, including police reports, witness statements, post conviction pleadings and correctional records, pre-sentencing reports and other documents in prison social services and legal files, legal papers, court documents, medical records, laboratory analysis, probation reports, attorneys' files and records, and any information necessary to the Clinic to work on my behalf.

I also authorize the release to the Clinic or its staff or representatives any and all records and information in the possession of the Texas Department of Criminal Justice Correctional Institutions Division, Custodian of Medical Records, Unit Classification, or any other state or federal penal institution, including juvenile facilities or mental health or medical facilities, rehabilitation clinics or centers, and any court or probation department, including juvenile. I authorize the release of any documents in the possession of the Federal Bureau of Investigation or any other federal, state, or local law enforcement agency. I also authorize the release of any and all military records.

I further authorize the release of any and all information and records from public or private schools, medical or mental health institutions, or other such institutions, including all prison reports and records, all medical and psychiatric or mental health records, notes, nursing sheets, hospitalization records, physician notes or prescriptions, or any other type of report or record maintained by any of the above institutions, including records concerning substance abuse. I also authorize release of any and all employment records. I also authorize release of any and all records made by or in the possession of any and all attorneys.

I understand that there may be statutes, rules and regulations that protect my confidentiality of some of the records, files, reports and information covered by this release; it is my specific intent to waive the protection of all such statutes, rules and regulations so that confidential information can be shared with the Clinic.

I further authorize the Clinic to disseminate information, other than confidential information, to other persons or entities as may be necessary to fully investigate my case or to assist me with

receiving services from such persons. I authorize the Clinic to enter pertinent information into a network database that will be accessed by other clinics pursuing innocence claims.

I understand that by conducting an initial investigation, the Clinic is not agreeing to represent me and that the Clinic's willingness to conduct an investigation into my case does not establish an attorney-client relationship between me and the Clinic. I further understand that at any point the Clinic, at its sole discretion, may determine that further investigation is not warranted, and is under no obligation to continue to investigate my case.

A photocopy of this document shall have the same effect as the original.

By my signature below, I represent that this waiver is voluntary and given without any reservation. This authorization is effective until revoked by the undersigned in writing.

Signature: _Bianca Newman_    Date of Birth: 9-1-1983

Printed Name: _Bianca Newman_    TDCJ No.: 2392107

Date: 2-22-2023

Witness Signature: _Wendy Lea Hass_

Witness Printed Name: _Wendy Lea Hass_    Date: 2-22-2023

Prisoners Civil Rights Complaint

2-22, 2023

## VI Relief

If it would be pleasing to the court, I am making a request to this court to have my case Reheard or if at all Appealed in a higher court with New Legal Counsel Appointed and New Officers of the Court to hear the evidence involved.

## VII General Background Information

A. Bianca Shirlain Newman
B. TDCJ Number 02392107

## VIII Sanctions

A. NO - I have not been sanctioned by any court. I have no pending lawsuits.

B. NA ∅    non relevant to this Complaint

C. NO, I have not been warned or notified that sanctions could be imposed

Executed on Feburary 2-22 2023

print: Bianca Newman
sign: Bianca Newman

page 52